WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Gray,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Federal National Mortgage Association;<br>Generation Mortgage Company,<br><br>　　　　　　Defendants. | No. CV-12-08220-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss and Motion to Quash Lis Pendens (Doc. 11). The Court now rules on the Motion.

**I.    BACKGROUND**

On April 17, 2008, non-party Maurine Barbier obtained a loan in the amount of $375,000 from Utah Financial, Inc. (Doc. 1 at Exhibit B).[1] The Note was secured by a Deed of Trust encumbering real property at 840 Black Drive, Prescott, Arizona 86301 (the "Property"). (*Id.*). The Deed of Trust was later assigned to Generation Mortgage

---

[1] Plaintiff has incorporated the Deed of Trust and other publicly recorded documents by reference into the Complaint. *See Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [courts] may consider materials incorporated into the complaint or matters of public record. . . . We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.") (internal citations omitted).

1  Company. (*Id.* at Exhibit E). On March 15, 2012, the Trustee appointed by Generation
2  Mortgage recorded a Notice of Trustee's Sale of the Property. (*Id.*at Exhibit F). The
3  Notice set the trustee's sale for June 14, 2012 at 11:00 a.m. (*Id.*). The Trustee's Sale was
4  held and Generation Mortgage Company made a successful high bid of $159,000.00 on
5  the Property. (*Id.* at Exhibit G). Thereafter, Generation Mortgage Company executed
6  and recorded a special warranty deed conveying its interest in the Property to Federal
7  National Mortgage Association. (Doc. 11-1 at Exhibit D).

8  On August 1, 2012, Plaintiff filed a complaint in Yavapai County Superior Court
9  against various Defendants, including Generation Mortgage Company and Federal
10 National Mortgage Association. In that Complaint, Plaintiff alleged that there was no
11 due process for eviction, no forcible detainer hearing, that she had an "updated land
12 patent which was Superior to defendant's title," and that Generation Mortgage foreclosed
13 under fraudulent practices by assignments. (Doc. 19-1). Thereafter, Defendants moved
14 to dismiss that complaint and, on October 10, 2012, the Yavapai County Superior Court
15 Judge granted the Motion to Dismiss, finding that Plaintiff had failed to state a claim
16 upon which relief could be granted pursuant to Arizona Rule of Civil Procedure 12(b)(6).

17 At the same time, on August 23, 2012, Defendant Federal National Mortgage
18 Association instituted a forcible entry and detainer action in the Yavapai County Superior
19 Court against Maurine Barbier and other Occupants and Parties-In-Possession of the
20 Property (the "FED action"). In his Judgment in the FED action, Judge Wolfinger stated
21 that Plaintiff Gray asserted that she has title "superior to the king" in the property. (Doc.
22 11-1 at 19). After Ms. Gray appeared, the Complaint in the FED action was amended to
23 reflect her as a Defendant. (*Id.*). In his ruling, Judge Wolfinger stated that he gave Ms.
24 Gray several opportunities to assert any factual and legal basis for her defense to the
25 forcible entry and detainer action, but Ms. Gray never identified any valid defense. (*Id.*
26 at 19-21). Accordingly, on September 19, 2012, Judge Wolfinger entered judgment that
27 Defendants Maurine Barbier, Cynthia Gray, and other Occupants and Parties-In-
28 Possession of the Property were guilty of forcible entry and detainer, Defendants' rights

1 relative to the property were terminated, and Federal National Mortgage Association was
2 awarded immediate and exclusive possession of the property. (*Id.* at 21).

3 Thereafter, on October 31, 2012, Plaintiff filed a Complaint in this Court against
4 Federal National Mortgage Association and Generation Mortgage Company. (Doc. 1).

5 Defendants now move to dismiss Plaintiff's Complaint because they argue: (1)
6 Plaintiff lacks standing as she has not shown that she has a valid interest in the Property;
7 (2) this action is barred by res judicata based on the prior action Plaintiff brought in
8 Yavapai County Superior Court; (3) Arizona Revised Statutes section 33-811(c) bars any
9 of Plaintiff's claims that are defenses or objections to the sale; and (4) Plaintiff has failed
10 to state a claim upon which relief can be granted pursuant to Federal Rules of Civil
11 Procedure 12(b)(6) and 8. Defendants further request that the Court quash the lis
12 pendens recorded with the Yavapai County Recorder on August 31, 2012 at Recorder's
13 no. 2012-0049462.

**II    LEGAL STANDARD AND ANALYSIS**

**A.    STANDING**

Defendants challenge Plaintiff's standing to bring this Complaint as she has not shown that she has a valid legal interest in the Property. In her Complaint, Plaintiff alleges that she is the heir of non-party Maurine Barbier. Plaintiff argues that she should not be required to prove standing because she has been a party to other lawsuits with Defendants and, thus, Defendants are "barred by collateral estoppel" from arguing that Plaintiff does not have standing. Plaintiff has not provided any information related to the other lawsuits that would lead the Court to conclude that Defendants are barred by collateral estoppel from challenging Plaintiff's standing in this action. Further, in response to Defendants' Motion to Dismiss for lack of standing, Plaintiff has failed to demonstrate any legal interest in the Property that would give her standing to challenge the foreclosure in this Court. Accordingly, the Court concludes that Plaintiff lacks standing to bring this case. The Court will nonetheless discuss Defendants' other arguments for dismissal.

## B.     WHETHER PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff entitled her Complaint "Complaint to Stay-Overturn-Set Aside Foreclosure Trustee's Sale and Eviction."  In her Complaint, Plaintiff lists various violations allegedly committed by Defendants, including violations of the Fair Debt Collection Practices Act, Fifth Amendment Due Process violations, breach of contract, Arizona Revised Statutes § 44-101 Statute of Frauds breach, non-compliance with Arizona Revised Statutes sections 33-411 and 33-411.01, violations of the Truth in Lending Act, and U.C.C. 3-305.  Plaintiff makes generalized allegations that Defendants violated those statutes and her constitutional rights and committed fraud without including any facts that would give rise to such claims.  As such, Plaintiff has failed to state a claim upon which relief can be granted in her Complaint because it is difficult to determine exactly what Plaintiff's claims are or what Defendants did to give rise to those claims.  *See McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996) ("[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

The Court will nonetheless attempt to address the causes of action in Plaintiff's Complaint.

Throughout her Complaint, Plaintiff continually asserts Defendants were without proper evidence on record that they had standing to foreclose on the Property.  *See*, *e.g.*, Doc. 1 at 4 ("Defendant(s) were without and continue to be without showing proper evidence on record that Defendant(s), has proper standing to sue and foreclose"); Doc. 1 at 6 ("Defendant(s)[] should be required to prove standing once challenged before this Court, before Plaintiff/Petitioner is dispossessed from their [sic] property."); Doc. 1 at 7 ("Defendant(s)[] lacked competent witnesses and standing to empower them to foreclose and Plaintiff is due recoupment and set-offs and the non judicial [sic] process foreclosure sale date of June 14, 2012 needs to be vacated and set aside.").

Plaintiff's "show me the note" theory, which she also characterizes as Defendants'

lack of standing is without merit. *See Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012) ("the deed of trust statutes impose no obligation on the beneficiary to "show the note" before the trustee conducts a non-judicial foreclosure.").

Plaintiff entitles her "First Cause of Action" "Failure to Comply with Fair Debt Collection Practices Act." In this cause of action, Plaintiff alleges that, pursuant to the Fair Debt Collection Practices Act, the Notice of Trustee's Sale, Deed of Trust, and the Complaint in the forcible entry and detainer action were required to contain "requisite notice" that they were attempts to collect a debt. (Doc. 1 at 10). In this Count, Plaintiff also alleges that Defendants have violated Arizona's Statute of Frauds by failing to demonstrate that they are in possession of the Promissory Note.

As noted above, Defendants are not required to "show the note" before conducting a non-judicial foreclosure. Further, this Court has previously held that "[t]he activity of foreclosing on a property pursuant to a deed of trust is not the collection of debt within the meaning of the FDCPA." *Breedlove v. Wells Fargo Bank, N.A.*, CV. 09-8135-PCT-JAT, 2010 WL 3000012, at *3 (D. Ariz. July 28, 2010). Plaintiff has failed to cite to any authority indicating that a pleading filed in a forcible entry and detainer action, a Deed of Trust, or a Notice of Trustee's Sale are attempts to collect a debt within the meaning of the FDCPA. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted pursuant to the FDCPA.

Plaintiff entitles her "Second Cause of Action" "Fifth Amendment Due Process and Breach of Contract by Governing and Applicable Law and Notice Noncompliance Recording Act Noncompliance – Ariz. Rev. Stat. Sections 33-411 & 411.01 TILA 12 C.F.R. 226.17(h)(2) Noncompliance." (Doc. 1 at 13). In this cause of action, Plaintiff alleges that she is being deprived of property without due process of law. Plaintiff further alleges that Defendants have failed to comply with Arizona Revised Statutes sections 33-411 and 33-411.01. Plaintiff alleges that Defendants have violated these statutes "by not properly recording instruments or giving notice whether they are duly recorded, et al." (Doc. 1 at 15). Plaintiff asserts that, based on these violations, the "transfers of title" to

1  Generation Mortgage Company and Federal National Mortgage Association are "a nullity
2  and void from the start." (Doc. 1 at 16).
3        Plaintiff next alleges that Defendants breached the Notice requirement in the
4  Adjustable Rate Deed of Trust contract by failing to send the homeowners a copy of the
5  Corporation Assignment Deed of Trust. Plaintiff also appears to allege that Defendants
6  had no right to foreclose on the Property due to securitization of the Note. (Doc. 1 at 18).
7        These causes of action all appear to be "defenses or objections to the sale," which
8  are waived if Plaintiff fails to obtain relief pursuant to Arizona Rule of Civil Procedure
9  65. Ariz. Rev. Stat. § 33-811(C). Accordingly, Plaintiff has failed to state a claim upon
10  which relief can be granted in her second cause of action.
11        Plaintiff entitles her "Third Cause of Action" "Injunctive Relief." In this cause of
12  action, Plaintiff alleges that securitization, recording failures, and notice noncompliance
13  entitle her to injunctive relief because Defendants do not have standing to foreclose and
14  have failed to produce the note. As noted above, Defendants are not required to "show
15  the note" before conducting a non-judicial foreclosure. Further, Plaintiff is not entitled to
16  the injunctive relief of setting aside the foreclosure and subsequent sale because she
17  failed to timely obtain relief as designated in Arizona Revised Statutes section 33-811(C).
18  As such, Plaintiff has failed to state a claim upon which relief can be granted in her third
19  cause of action.
20        **C.    RES JUDICATA**
21        Defendants argue that res judicata bars Plaintiffs claims because Plaintiff
22  previously brought or could have brought these claims in the action before the Yavapai
23  County Superior Court and that action was dismissed. Due to the foregoing analysis, the
24  Court need not address this argument.
25        **D.    LEAVE TO AMEND**
26        Plaintiff has not requested leave to amend and has not amended as a matter of
27  right pursuant to Federal Rule of Civil Procedure 15. The Court will not sua sponte grant
28  leave to amend because it finds that granting Plaintiff leave to amend would be futile.

### E. LIS PENDENS

Pursuant to Arizona Revised Statutes section 12–1191(A), when an action affects title to real property, a lis pendens may be filed in the office of the county recorder to give notice of the pendency of an action or a defense. Ariz. Rev. Stat. § 12–1191(A). Because the entirety of Plaintiff's Complaint is dismissed with prejudice, the lis pendens regarding this action must be quashed. *See, e.g., Vollmer v. Present,* No. CV10–1182–PHX–MHM, 2011 WL 1379220, at *1 (D. Ariz. April 12, 2011) ("Because their complaint was dismissed, Plaintiffs are not engaged in any pending action against Defendants. Therefore, Plaintiffs have no statutory basis on which to premise a *lis pendens."*) (citing Ariz. Rev. Stat. § 12-1191(B)).

### III. CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Dismiss and Motion to Quash Lis Pendens (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that the lis pendens recorded with the Yavapai County Recorder by Plaintiff on August 31, 2012 as document no. 2012-0049462 is quashed.

The Clerk of the Court shall enter judgment for Defendants accordingly.

Dated this 19th day of March, 2013.

James A. Teilborg
Senior United States District Judge