WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Gray,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Federal National Mortgage Association;<br>Generation Mortgage Company,<br><br>　　　　　　Defendants. | No. CV-12-08220-PCT-JAT<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Objections and Motion to Alter/Amend Order granting Motion to Dismiss and Motion to Quash Lis Pendens (Doc. 22).

      On March 19, 2013, the Court granted Defendants' Motions to Dismiss Plaintiff's Complaint. (Doc. 27). The same day, the Clerk of the Court entered judgment in favor of Defendants. (Doc. 21). Plaintiff filed various objections to the Court's Order and moves to alter and/or amend the Clerk's Judgment. (Doc. 22). Plaintiff does not specify the authority that entitles her to the relief of altering and/or amending the Clerk's Judgment. A motion seeking to alter or amend a judgment may be brought pursuant to Federal Rules of Civil Procedure 59(e). Plaintiff's Motion is timely pursuant to Rule 59(e) because it was filed within 28 days of the entry of Judgment.

      "A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir.

2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

Plaintiff first argues that the Court erred because it "failed to accept the allegations in the pleadings as true." (Doc. 22 at 2). Although Plaintiff cites various authorities for this proposition, Plaintiff does not cite to any facts in her Complaint that the Court failed to accept as true. Contrary to Plaintiff's argument, the Court found that, even if it were to accept the well-pled facts in Plaintiff's complaint as true, Plaintiff failed to state a claim upon which relief could be granted. (*See* Doc. 20 at 4-6). Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error and is not entitled to Rule 59(e) relief based on her argument that the Court "failed to accept the allegations in the pleadings as true."

Plaintiff next argues that the Court showed bias to Defendants "by offering the defendants [sic] opportunity to amend/add res judicata defense supporting evidence to its motion to dismiss filing, yet, did not offer plaintiff [sic] opportunity to file evidence of heir status." (Doc. 22 at 2). First, the Court did not deny Plaintiff the opportunity to file evidence of "heir" status. Defendants' moved to dismiss arguing the Plaintiff lacked standing. Plaintiff failed to refute that argument. Moreover, although the Court concluded that Plaintiff lacked standing, the Court also determined that Plaintiff failed to state a claim upon which relief could be granted and, thus, even assuming Plaintiff could now prove that she has standing to bring this action (which she still has not done), Plaintiff's complaint failed to state a claim upon which relief could be granted and, thus, would nonetheless have been dismissed.

Moreover, Plaintiff appears to object to the Court's Order allowing Defendants to supplement their Motion to Dismiss. (Doc. 18). In their Motion to Dismiss, Defendants argued that a review of a complaint Plaintiff filed in Yavapai County Superior Court demonstrated that Plaintiff's case was barred by res judicata. Defendants did not provide that complaint to the Court and the Court allowed Defendants to file the complaint with the Court or, alternatively, waive their res judicata argument. (Doc. 18). Although Defendants ultimately filed the Yavapai County Superior Court complaint into the

Record, the Court did not decide whether Plaintiff's case was barred by res judicata because the Court determined that Plaintiff lacked standing and that Plaintiff failed to state a claim upon which relief could be granted in her Complaint. Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error and is not entitled to Rule 59(e) relief based on her argument that the Court showed bias to Defendants by ordering them to file the Yavapai Superior Court complaint into the Record or, alternatively, risking waiver of their res judicata argument.

Plaintiff next argues that the Court erred by failing to provide Plaintiff the opportunity to amend her Complaint. Plaintiff never properly sought leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15 or LRCiv 15.1. Moreover, the Court found that granting Plaintiff leave to amend would be futile based upon its findings that Plaintiff lacked standing and failed to state a claim upon which relief could be granted. Plaintiff has not established that she has standing or that she could state a claim upon which relief could be granted. As a result, Plaintiff has failed to demonstrate that the Court committed clear error and is not entitled to Rule 59(e) relief based on her argument that the Court improperly determined that allowing her leave to amend her complaint would be futile.

Plaintiff next argues that the Court showed bias by "accepting the second-hand hearsay speculative testimony of counsel in the Motion to dismiss [sic] as true, but failing to accept the first-hand testimony of Plaintiff as true." (Doc. 22 at 4). Plaintiff fails to cite to any portion of the Court's Order where it discussed and/or accepted the "testimony" of defense counsel as true or where the Court failed to accept Plaintiff's allegations as true. Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error and is not entitled to Rule 59(e) relief based on this argument.

Finally, Plaintiff argues that the Court's Order granting the Motion to Dismiss and Motion to Quash Lis Pendens "is manifest injustice because the Defendant(s) never produced the original note to prove real party in interest status to foreclose, nor brought forth a competent fact witness in support of dismissal." (Doc. 22 at 4). This argument

repeats allegations in Plaintiff's complaint. In its Order, the Court found that Plaintiff failed to state a claim upon which relief could be granted based on such allegations. (Doc. 20 at 4-5). Plaintiff's disagreement with this Court's reasoning is not a basis for Rule 59(e) relief. Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error and is not entitled to Rule 59(e) relief based on this argument.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Objections and Motion to Alter/Amend Order granting Motion to Dismiss and Motion to Quash Lis Pendens (Doc. 22) is denied.

Dated this 4th day of September, 2013.

*(signature)*
James A. Teilborg
Senior United States District Judge